IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL JACOBS, | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| SHARON HALPER, personal representative | : | JURY TRIAL DEMANDED |
| of the ESTATE OF BARRY HALPER, | : | |
| BARRY HALPER, INC., SOTHEBY'S, | : | |
| INC., SOTHEBY PARKE BERNET, INC., | : | |
| SOTHEBY'S HOLDINGS, SOTHEBY'S, | : | |
| GREY FLANNEL COLLECTIBLES, | : | |
| INC., and GREY FLANNEL AUCTIONS, | : | |
| INC., | : | |
| | : | |
| Defendants | : | |

## COMPLAINT

### *Parties*

1.     Plaintiff Michael Jacobs (hereinafter referred to as "JACOBS"), is an adult individual and citizen of the Commonwealth of Pennsylvania with a residence and domicile located at 638 Harvard Road, Bala Cynwyd, Pennsylvania 19004.

2.     Defendant Sharon Halper, personal representative of the Estate of Barry Halper, is and adult individual and citizen of the State of New Jersey with a residence and domicile located at 21 Tillou Road West, South Orange, NJ 07079.

3.     Decedent Barry Halper was an individual and citizen of the State of New Jersey with a residence and domicile located at 33 Kennedy Lane, Morristown, NJ 07960 and, at all times relevant hereto, traded as and/or did business as "Barry Halper Enterprises".

4.     Defendant Barry Halper, Inc. is a corporation duly organized and existing under and pursuant to the laws of the State of New Jersey with a principal place of business located at

#1406253v1 6704-01

P.O. Box 70, Livingston, NJ 07039 and, at all times relevant hereto, was engaged in the business of buying and selling sports memorabilia.

5.      At all times relevant hereto, Barry Halper, Inc. conducted business through its duly authorized agents, representatives, officers, directors, shareholders, managers, employees, servants and workmen, all of whom acted within the scope of their employment, agency and/or authority, including but not limited to Barry Halper.

6.      Defendant Sotheby's, Inc. is a corporation duly organized and existing under and pursuant to the laws of the State of New York with a principal place of business located at 1334 York Avenue, New York, New York 10021.

7.      Defendant Sotheby Parke Bernet, Inc. is a corporation duly organized and existing under and pursuant to the laws of the State of Delaware with a principal place of business located at 1334 York Avenue, New York, New York 10021.

8.      Defendant Sotheby's Holdings is a corporation duly organized and existing under and pursuant to the laws of the State of Delaware with a principal place of business located at 1334 York Avenue, New York, New York 10021.

9.      Defendant Sotheby's is a corporation duly organized and existing under and pursuant to the laws of the State of Delaware with a principal place of business located at 1334 York Avenue, New York, New York 10021.

10.      Defendants Sotheby's, Inc., Sotheby Parke Bernet, Inc., Sotheby's Holdings and Sotheby's shall be hereinafter referred to, collectively, as "SOTHEBY'S".

11.      At all times relevant hereto, SOTHEBY'S operated one of the world's largest, best-known and most reputable auction houses.

12.     At all times relevant hereto, SOTHEBY'S conducted business through its duly authorized agents, representatives, officers, directors, shareholders, managers, employees, servants and workmen, all of whom acted within the scope of their employment, agency and/or authority.

13.     Defendant Grey Flannel Collectibles, Inc. is a corporation duly organized and existing under and pursuant to the laws of the State of New York with a principal place of business located at 13 Buttercup Lane, Westhampton, New York, New York 11977 and, at all times relevant hereto, was engaged in the business of authenticating, appraising and auctioning sports memorabilia.

14.     At all times relevant hereto, Grey Flannel Collectibles, Inc. conducted business through its duly authorized agents, representatives, officers, directors, shareholders, managers, employees, servants and workmen, all of whom acted within the scope of their employment, agency and/or authority.

15.     Defendant Grey Flannel Auctions, Inc. is a corporation duly organized and existing under and pursuant to the laws of the State of New York with a principal place of business located at 13 Buttercup Lane, Westhampton, New York, New York 11977 and, at all times relevant hereto, was engaged in the business of authenticating, appraising and auctioning sports memorabilia.

16.     At all times relevant hereto, Grey Flannel Auctions, Inc. conducted business through its duly authorized agents, representatives, officers, directors, shareholders, managers, employees, servants and workmen, all of whom acted within the scope of their employment, agency and/or authority.

3

17. Upon information and belief, Grey Flannel Auctions, Inc. is the legal successor to Grey Flannel Collectibles, Inc.

18. Grey Flannel Collectibles, Inc. and Grey Flannel Auctions, Inc. shall be referred to, collectively, as "GREY FLANNEL".

## *Jurisdiction and Venue*

19. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because it is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

20. Venue lies in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims set forth in this Complaint occurred within this District.

21. The causes of action set forth in this Complaint arise from the defendants' transaction of business in this District, including but not limited to the advertising, promotion, marketing, auctioning and sale of goods to residents of this District.

## *Facts*

22. In or about early 1999, BARRY HALPER, BARRY HALPER, INC., SOTHEBY'S and GREY FLANNEL published and made available to the public a three-part auction catalog entitled "The Barry Halper Collection of Baseball Memorabilia."

23. In the catalog, BARRY HALPER, BARRY HALPER, INC., SOTHEBY'S and GREY FLANNEL advertised the auction sale of Barry Halper's collection of baseball memorabilia, which was described as "the world's largest and most significant private collection on baseball. . . ."

24.     In the catalog, BARRY HALPER, BARRY HALPER, INC., SOTHEBY'S and GREY FLANNEL stated that the auction would "establish new standards for the hobby in the areas of condition, authenticity, provenance, and historical significance."

25.     In the catalog, BARRY HALPER, HALPER, INC., SOTHEBY'S and GREY FLANNEL represented that GREY FLANNEL had authenticated all uniforms and jerseys being auctioned.  A true and correct copy of the page from the catalog containing this representation is attached hereto, marked Exhibit "A" and made part hereof.

26.     Plaintiff JACOBS obtained a copy of the catalog in or about summer of 1999.

27.     Plaintiff JACOBS thoroughly read the catalog and relied on all representations made by BARRY HALPER, BARRY HALPER, INC., SOTHEBY'S and GREY FLANNEL therein, including but not limited to representations that all uniforms and apparel had been authenticated by GREY FLANNEL.

28.     Accordingly, on or about September 29, 1999, plaintiff JACOBS, who remained in Pennsylvania, bid by telephone on an early 1950's Willie Mays signed pennant, a 1950's Willie Mays New York Giants travel bag and 1951 Willie Mays New York Giants signed rookie road jersey, which were advertised as Lots 1283, 1617 and 1618 in the catalog.

29.     The catalog described the jersey as "one of the most important pieces of memorabilia relating to [Willie Mays'] glorious career."  A true and correct copy of the page from the catalog advertising the travel bag and jersey as Lots 1617 and 1618 is attached hereto, marked Exhibit "B" and made part hereof.

30.     Plaintiff JACOBS was the successful bidder on the travel bag and jersey and paid Eight Thousand Six Hundred and Twenty-Five Dollars ($8,625.00) for the travel bag and Sixty-Three Thousand Dollars ($63,000.00) for the jersey.

31.     In order to complete his purchase, plaintiff JACOBS wired a total of Seventy-Five Thousand Nine Hundred and Twenty-Two Dollars ($75,922.00), which sum consisted of the total purchase price for both items plus applicable sales tax, to SOTHEBY'S.

32.     After it received the funds, SOTHEBY'S shipped the travel bag and jersey to plaintiff JACOBS' office address in Narberth, Pennsylvania.

33.     In or about July of 2012, plaintiff JACOBS retained Leland's Collectibles of Bohemia, New York to appraise the subject jersey for insurance purposes.

34.     At that time, Leland's Collectibles appraised the jersey at Four Hundred Thousand Dollars ($400,000.00).

35.     In or about June of 2013, plaintiff JACOBS entered into a written sales agreement with Leland's Collectibles pursuant to which Leland's Collectibles agreed to purchase the subject jersey from plaintiff JACOBS for Six Hundred and Seventy-Five Thousand Dollars ($675,000.00), subject to the approval of the third-party to whom Leland's Collectibles had agreed to sell the jersey.

36.     Leland's Collectibles and/or its prospective buyer retained Dave Grob of MEARS to authenticate the jersey.

37.     Mr. Grob examined the jersey and determined that the subject jersey was not an authentic 1951 Willie Mays New York Giants rookie road jersey manufactured by MacGregor-Goldsmith for use and wear by Willie Mays in 1951, but was a team blank New York Giants road jersey that had been altered to create the appearance of a 1951 Willie Mays New York Giants rookie road jersey.

38.     Leland's Collectibles rescinded its sales agreement with Mr. Jacobs as a result of Mr. Grob's determination that the subject jersey was not authentic.

39.     Leland's Collectibles also advised Mr. Jacobs that the subject travel bag was not authentic in that the stenciling that appears thereon is inconsistent with the bag that appears in photographs of Willie Mays during the same time period.

40.     On September 20, 2013, plaintiff JACOBS, by and through legal counsel, sent a letter to SOTHEBY'S advising of its sale to him of counterfeit sports memorabilia and advising of his intent to pursue full recovery of his damages from SOTHEBY'S.  A true and correct copy of said letter is attached hereto, marked Exhibit "C" and made part hereof.

41.     On October 7, 2013, SOTHEBY'S sent a response letter noting the expiration of its five (5) year Guarantee of authenticity and denying plaintiff JACOBS' claim in its entirety.  A true and correct copy of said letter is attached hereto, marked Exhibit "D" and made part hereof.

42.     On December 20, 2013, plaintiff JACOBS, by and through legal counsel, sent another letter to SOTHEBY'S requesting that SOTHEBY'S provide plaintiff JACOBS with the contact information as to the party(ies) involved in the authentication of the subject travel bag and jersey, all documents relating to the authentication of the subject travel bag and jersey and the consignor's contact information.  A true and correct copy of said letter is attached hereto, marked Exhibit "E" and made part hereof.

43.     On December 30, 2013, SOTHEBY'S sent a response letter, enclosing copies of several pages from the auction catalog.  In the letter, SOTHEBY'S identified three (3) individuals who had been "in charge" of the entire auction (which was designated by SOTHEBY'S as Sale N07354), but failed and/or refused to identify any party involved in the authentication of the subject travel bag or jersey.  A true and correct copy of said letter, with enclosures, is attached hereto, marked Exhibit "F" and made part hereof.

44.    In the letter, SOTHEBY'S advised that it was "in the process of searching for any relevant documents and will forward them promptly if located."

45.    Having heard nothing from SOTHEBY'S for over two (2) months, on March 18, 2014, plaintiff JACOBS, by and through legal counsel, sent another letter to SOTHEBY'S requesting that SOTHEBY'S provide plaintiff JACOBS with a status as to the efforts undertaken by SOTHEBY'S to locate documentation relating to the sale and/or authentication of the subject travel bag and jersey and that SOTHEBY'S provide plaintiff JACOBS with all information and documentation that had resulted from SOTHEBY'S investigation.  A true and correct copy of said letter is attached hereto, marked Exhibit "G" and made part hereof.

46.    SOTHEBY'S failed to respond.

47.    Having heard nothing further from SOTHEBY'S for nearly three (3) more months, on June 3, 2014, plaintiff JACOBS, by and through legal counsel, sent yet another letter to SOTHEBY'S requesting that SOTHEBY'S provide plaintiff JACOBS with a status as to the efforts undertaken by SOTHEBY'S to locate documentation relating to the sale and/or authentication of the subject travel bag and jersey and that SOTHEBY'S provide plaintiff JACOBS with all information and documentation that had resulted from SOTHEBY'S investigation.  A true and correct copy of said letter is attached hereto, marked Exhibit "H" and made part hereof.

48.    SOTHEBY'S again failed to respond.

49.    As set forth above, despite repeated request, SOTHEBY'S has failed and/or refused to provide plaintiff JACOBS with any information or documentation whatsoever pertaining to the sale or authentication of the subjects travel bag or jersey.

50.     As set forth above, despite repeated request, SOTHEBY'S has failed and/or refused to provide plaintiff JACOBS with any status whatsoever as to the efforts undertaken by SOTHEBY'S to locate said documentation.

51.     As set forth above, despite repeated request, SOTHEBY'S has failed and/or refused to provide plaintiff JACOBS with any information or documentation whatsoever indicating that the subject travel bag or jersey were, in fact, ever authenticated by any third party(ies).

52.     On or about March 19, 2014, plaintiff JACOBS, by and through legal counsel, sent a letter to GREY FLANNEL advising of SOTHEBY'S sale to JACOBS of counterfeit sports memorabilia that had supposedly been authenticated by GREY FLANNEL and advising of JACOBS' intent to pursue full recovery of his damages from GREY FLANNEL. A true and correct copy of said letter is attached hereto, marked Exhibit "I" and made part hereof.

53.     Having heard nothing from GREY FLANNEL for over two (2) months, on June 3, 2014, plaintiff JACOBS, by and through legal counsel, sent a second letter to GREY FLANNEL following up on its prior letter to GREY FLANNEL. A true a correct copy of said letter is attached hereto, marked Exhibit "J" and made part hereof.

54.     On June 12, 2014, counsel for GREY FLANNEL sent a response letter asking that counsel for plaintiff JACOBS contact him. A true and correct copy of said letter is attached hereto, marked Exhibit "K" and made part hereof.

55.     Shortly thereafter, counsel for plaintiff JACOBS and counsel for GREY FLANNEL briefly discussed the matter and counsel for plaintiff JACOBS requested information as to whether GREY FLANNEL had, in fact, authenticated the subject jersey.

56.     On September 3, 2014, counsel for plaintiff JACOBS emailed counsel for GREY FLANNEL and left a telephone message requesting a formal response to plaintiff JACOBS' demand.

57.     Counsel for GREY FLANNEL failed to respond.

58.     On September 18, 2013, counsel for plaintiff JACOBS again emailed counsel for GREY FLANNEL requesting a formal response to plaintiff JACOBS' demand.

59.     Counsel for GREY FLANNEL again failed to respond.

60.     On September 24, 2014, counsel for plaintiff JACOBS again emailed counsel for GREY FLANNEL asking if counsel for GREY FLANNEL could confirm whether or not GREY FLANNEL had, in fact, authenticated the subject jersey.  A true and correct copy of said email is attached hereto, marked Exhibit "L" and made part hereof.

61.     Counsel for GREY FLANNEL failed to respond.

62.     As set forth above, despite repeated request, SOTHEBY'S and GREY FLANNEL have failed and/or refused to provide plaintiff JACOBS with any information or documentation whatsoever indicating that the subject travel bag or jersey were, in fact, ever authenticated by GREY FLANNEL or any third party(ies) whatsoever.

63.     Based on the foregoing, it is apparent that, despite the representation contained in the auction catalog that the subject jersey had been authenticated, the subject jersey is not an authentic 1951 Willie Mays New York Giants rookie road jersey manufactured by MacGregor-Goldsmith for use and wear by Willie Mays in 1951, but is a team blank New York Giants road jersey that was later altered to create the appearance of a 1951 Willie Mays New York Giants rookie road jersey.

64.     Based on the foregoing, it is apparent that, despite the representation contained in the auction catalog that the subject jersey had been authenticated by GREY FLANNEL, the subject jersey had not been, in fact, authenticated by GREY FLANNEL or any third parties.

## COUNT I
## PLAINTIFF v. DEFENDANTS
## MISREPRESENTATION AND FRAUD

65.     Plaintiff JACOBS incorporates by reference the allegations contained in the above paragraphs as though fully set forth at length herein.

66.     As set forth above, BARRY HALPER, BARRY HALPER, INC., SOTHEBY'S and GREY FLANNEL represented that the subject travel bag and jersey were authentic.

67.     As set forth above, BARRY HALPER, BARRY HALPER, INC., SOTHEBY'S and GREY FLANNEL represented that the subject jersey had been authenticated by GREY FLANNEL.

68.     The representations of BARRY HALPER, BARRY HALPER, INC., SOTHEBY'S and GREY FLANNEL were false when made and/or made with recklessness as to their truth or falsity and intended to induce plaintiff JACOBS to purchase the subject travel bag and jersey.

69.     Plaintiff JACOBS relied upon said representations in good faith by purchasing the subject travel bag and jersey.

70.     The conduct, acts and/or omissions of BARRY HALPER, BARRY HALPER, INC., SOTHEBY'S and GREY FLANNEL, as set forth above, constitute fraud.

71.    Plaintiff JACOBS has suffered damages as a result of the misrepresentation and fraud of BARRY HALPER, BARRY HALPER, INC., SOTHEBY'S and GREY FLANNEL, including but not limited to economic damages.

WHEREFORE, Plaintiff Michael Jacobs demands judgment in his favor and against the Estate of Barry Halper, Barry Halper, Inc., Sotheby's, Inc., Sotheby Parke Bernet, Inc., Sotheby's Holdings, Sotheby's, Grey Flannel Collectibles, Inc. and Grey Flannel Auctions, Inc. in an amount in excess of $750,000.00, treble damages, interest, costs, attorney's fees, punitive damages and such other relief as this Honorable Court deems just and proper under the circumstances.

## COUNT II
### PLAINTIFF v. DEFENDANTS
### NEGLIGENT MISREPRESENTATION

72.    Plaintiff JACOBS incorporates by reference the allegations contained in the above paragraphs as though fully set forth at length herein.

73.    As set forth above, BARRY HALPER, BARRY HALPER, INC., SOTHEBY'S and GREY FLANNEL represented that the subject travel bag and jersey were authentic.

74.    As set forth above, BARRY HALPER, BARRY HALPER, INC., SOTHEBY'S and GREY FLANNEL represented that the subject jersey had been authenticated by GREY FLANNEL.

75.    BARRY HALPER, BARRY HALPER, INC., SOTHEBY'S and GREY FLANNEL should have known that their representations were false when made.

76.    BARRY HALPER, BARRY HALPER, INC., SOTHEBY'S and GREY FLANNEL made their representations with the intention of inducing plaintiff JACOBS to purchase the subject travel bag and jersey.

77.     Plaintiff JACOBS relied upon said representations in good faith by purchasing the subject travel bag and jersey.

78.     The conduct, acts and/or omissions of BARRY HALPER, BARRY HALPER, INC., SOTHEBY'S and GREY FLANNEL, as set forth above, constitute negligent misrepresentation.

79.     Plaintiff JACOBS has suffered damages as a result of the negligent misrepresentation of BARRY HALPER, BARRY HALPER, INC., SOTHEBY'S and GREY FLANNEL, including but not limited to economic damages.

**WHEREFORE,** Plaintiff Michael Jacobs demands judgment in his favor and against the Estate of Barry Halper, Barry Halper, Inc., Sotheby's, Inc., Sotheby Parke Bernet, Inc., Sotheby's Holdings, Sotheby's, Grey Flannel Collectibles, Inc. and Grey Flannel Auctions, Inc. in an amount in excess of $750,000.00, treble damages, interest, costs, attorney's fees, punitive damages and such other relief as this Honorable Court deems just and proper under the circumstances.

## COUNT III
### PLAINTIFF v. DEFENDANTS
### VIOLATION OF PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 P.S. § 201-1 et seq.

80.     Plaintiff JACOBS incorporates by reference the allegations contained in the above paragraphs as though fully set forth at length herein.

81.     BARRY HALPER, BARRY HALPER, INC., SOTHEBY'S and GREY FLANNEL have violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law by virtue of the abovementioned conduct, acts and/or omissions.

82.     Plaintiff JACOBS has suffered damages as a result of these violations.

13

**WHEREFORE,** Plaintiff Michael Jacobs demands judgment in his favor and against the Estate of Barry Halper, Barry Halper, Inc., Sotheby's, Inc., Sotheby Parke Bernet, Inc., Sotheby's Holdings, Sotheby's, Grey Flannel Collectibles, Inc. and Grey Flannel Auctions, Inc. in an amount in excess of $750,000.00, treble damages, interest, costs, attorney's fees, punitive damages and such other relief as this Honorable Court deems just and proper under the circumstances.

<div align="center">

**COUNT IV**
**PLAINTIFF v. DEFENDANTS**
**UNJUST ENRICHMENT**

</div>

83.     Plaintiff JACOBS incorporates by reference the allegations contained in the above paragraphs as though fully set forth at length herein.

84.     As set forth above, plaintiff JACOBS paid for the authentic travel bag and jersey, as advertised in the auction catalog, but did not receive an authentic travel bag or jersey.

85.     As a result, defendants BARRY HALPER, BARRY HALPER, INC., SOTHEBY'S and GREY FLANNEL have been unjustly enriched.

**WHEREFORE,** Plaintiff Michael Jacobs demands judgment in his favor and against the Estate of Barry Halper, Barry Halper, Inc., Sotheby's, Inc., Sotheby Parke Bernet, Inc., Sotheby's Holdings, Sotheby's, Grey Flannel Collectibles, Inc. and Grey Flannel Auctions, Inc. in an amount in excess of $750,000.00, treble damages, interest, costs, attorney's fees, punitive damages and such other relief as this Honorable Court deems just and proper under the circumstances.

## COUNT V
## PLAINTIFF v. DEFENDANTS
## PUNITIVE DAMAGES

86.     Plaintiff JACOBS incorporates by reference the allegations contained in the above

paragraphs as though fully set forth at length herein.

87.     The conduct, acts and/or omissions of defendants BARRY HALPER, BARRY

HALPER, INC., SOTHEBY'S and GREY FLANNEL, as set forth above, were unjustified,

illegal, fraudulent, outrageous, willful, wanton, spiteful, reckless, malicious, intentional,

oppressive, and egregious, warranting the imposition of attorney's fees and punitive damages.

**WHEREFORE,** Plaintiff Michael Jacobs demands judgment in his favor and against the

Estate of Barry Halper, Barry Halper, Inc., Sotheby's, Inc., Sotheby Parke Bernet, Inc.,

Sotheby's Holdings, Sotheby's, Grey Flannel Collectibles, Inc. and Grey Flannel Auctions, Inc.

in an amount in excess of $750,000.00, treble damages, interest, costs, attorney's fees, punitive

damages and such other relief as this Honorable Court deems just and proper under the

circumstances.

<div style="margin-left:50%">

**POWELL TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.**

By:     _Chris Suprenuk_

Alex J. Murland, Esquire
Christian P. Suprenuk, Esquire
475 Allendale Road, Suite 200
King of Prussia, PA  19406

*Attorneys for Plaintiff,*
*Michael Jacobs*

</div>

Date:   _11/6/14_